IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BENJAMIN DAKER and
BARBARA S. DAKER,

        Plaintiffs,

v.                                CASE NO.

BRAD STEUBE, as Sheriff of
Manatee County, Florida,
MANATEE COUNTY SHERIFF'S
OFFICE, JASON RILEY, and
MICHAEL RUSHING,

        Defendants.

_____/

## COMPLAINT
## JURY TRIAL DEMANDED

Plaintiffs, BENJAMIN DAKER and BARBARA S. DAKER, by and through the undersigned, hereby sue Defendants, BRAD STEUBE, MANATEE COUNTY SHERIFF'S OFFICE, JASON RILEY, and MICHAEL RUSHING and allege as follows:

1.     This is a civil rights action raising Constitutional claims under the Fourth and Fourteenth Amendments against state law enforcement agents acting under color of law pursuant to 42 U.S.C. §§ 1983 and 1988, against the Sheriff of Manatee County, Florida, officers of the Manatee County Sheriff's Office, and the Department itself for the unlawful entry into Plaintiffs' home without a warrant, for the unlawful search of Plaintiffs' home without a warrant, for the unlawful use of excessive force against BENJAMIN DAKER, and for the unlawful deprivation of BENJAMIN DAKER's liberty.

2.      Plaintiffs also allege pendent state law claims for false arrest, malicious prosecution, battery, and intentional infliction of emotional distress.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction over this federal civil rights case pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).   Supplemental jurisdiction over pendant state law claims is proper pursuant to 28 U.S.C. § 1367.

4.      This is an action for damages that exceed $75,000.00 exclusive of interest, costs and attorney's fees and the venue is proper in this court as this action arose within Manatee County, Florida.   Venue lies in this District pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the claims occurred in the District.  On information and belief, each of the Defendants resides in the District.

### PARTIES

5.      Plaintiff BENJAMIN DAKER is the husband of BARBARA S. DAKER.  At all times relevant to this action he was a resident of Manatee County, Florida.

6.      Plaintff BARBARA S. DAKER is the wife of BENJAMIN DAKER.  At all times relevant to this action she was a resident of Manatee County, Florida.

7.      Defendant BRAD STEUBE, is the Sheriff of Manatee County, Florida, and the employer of Defendants JASON RILEY and MICHAEL RUSHING.

8.      MANATEE COUNTY SHERIFF's OFFICE ("MCSO") is, and was at all relevant times, a department of Manatee County, Florida, a political subdivision of the State of Florida, and the employer of Defendants JASON RILEY and MICHAEL RUSHING.

9.      Defendant JASON RILEY is a deputy sheriff employed by the MCSO.  He is sued both in his individual and also in his official capacity.

2

10.     Defendant MICHAEL RUSHING is a deputy sheriff employed by the MCSO. He is sued both in his individual and also in his official capacity.

11.     The individual officers will be referred to collectively as "Defendant MCSO Officers" unless otherwise noted.  Defendant MCSO officers were, at all times relevant to this action, duly appointed and acting deputy sheriffs of the MCSO, and were acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the State of Florida and/or City of Bradenton, and under the direction and control of the MCSO.

12.     Plaintiffs have fully complied with all conditions precedent to bringing this action imposed by the laws of the State of Florida, and particularly the provisions of § 768.28, Florida Statutes.

### FACTUAL BACKGROUND

13.     On June 20, 2008, an arrest warrant for was issued for BENJAMIN SUTHERLAND for failure to pay costs and fines in the total amount of $319.25.

14.     In the early morning of July 24, 2008, Defendant MCSO Officers illegally and forcibly entered and searched Plaintiffs' home looking for BENJAMIN SUTHERLAND.  At no time did these officers have a warrant to enter or search the home, nor did they have permission to enter the home.

15.     At approximately 6:45 a.m., BENJAMIN DAKER had just woken up and had not had time to use the restroom nor button his shirt.  BARBARA DAKER, his wife, was still sleeping in the bedroom.

16.     Defendant RILEY banged on the door of Plaintiffs' family home, causing a loud disturbance.  Defendant RUSHING moved to the rear of the residence.

3

17.     Plaintiffs were frightened and confused by the banging on their family home, worried that someone had been in an accident.

18.     BENJAMIN DAKER, still in his sleep clothing, opened the front porch door to their mobile home.  Because this door has an automatic swingback mechanism, BENJAMIN DAKER kept his hand on the door so that it would not swing shut.

19.     Defendant RILEY asked if BENJAMIN SUTHERLAND was present.

20.     BENJAMIN DAKER explained that BENJAMIN SUTHERLAND was his grandson who lived in Washington State.  BENJAMIN DAKER further explained that BENJAMIN SUTHERLAND had never lived with them and that this was a wrong address.

21.     Defendant RILEY stated that he had to enter the residence to confirm BENJAMIN SUTHERLAND was not present.  BENJAMIN DAKER asked to see a search warrant.

22.     Defendant RILEY did not have a search warrant yet threatened BENJAMIN DAKER that if he obstructed his search, he would go to jail.

23.     BENJAMIN DAKER placed both hands on the frame of the door and stated that unless Defendant RILEY had a warrant, he would not be permitted to enter the residence.

24.     Defendant RILEY pushed past BENJAMIN DAKER and forced his way into Plaintiffs' family home.  At no time did Defendant RILEY have a warrant to enter or search the home, nor did they have Plaintiffs' consent to enter the home.

25.     BENJAMIN DAKER, trying to block the entrance to the family residence, and while still holding the screen door open, turned to get his wife, at which point Defendant RILEY grabbed BENJAMIN DAKER's left arm, wrenched it behind his back, and slammed him into the wall, causing tremendous pain.

4

26.     BARBARA DAKER ran to her husband to try to protect him, pleading that he has a pacemaker and is on medications.   Defendant RUSHING yelled at her to step back and threatened to arrest her if she continued.

27.     Defendant RILEY, showing no concern for BENJAMIN DAKER's safety or well-being, slammed him onto the ground and began to handcuff him.

28.     BENJAMIN DAKER struggled to keep his second hand free from being handcuffed. Defendant RILEY forcefully shoved his knee into BENJAMIN DAKER's side to restrain BENJAMIN DAKER such that he could not move.

29.     In doing so, Defendant RILEY fractured BENJAMIN DAKER's rib.

30.     Defendant RILEY dragged the handcuffed BENJAMIN DAKER along the ground and on his belly into the front yard.

31.     While being dragged, BENJAMIN DAKER's pants fell down and lay around his ankles.

32.     Defendant RILEY then dragged BENJAMIN DAKER to the police vehicle and forcefully threw BENJAMIN DAKER on his side into the backseat.

33.     Without permission, Defendant RILEY searched Plaintiffs' home.  BENJAMIN SUTHERLAND was not present.

34.     BENJAMIN DAKER did not have the physical strength to pull himself into a seated position and was forced to remain on his side for the entire ride to jail, where Defendant RILEY charged him with Battery on Law Enforcement Officer and Resisting Arrest Without Violence.

35.     BENJAMIN DAKER was 78 years old at the time of this gross and unlawful violation of his constitutional and civil rights.

5

36.     During the course of these events, BENJAMIN DAKER and BARBARA DAKER were badly frightened by the presence and conduct of the Defendant MCSO Officers.

37.     Throughout their interactions with Plaintiffs, Defendant MCSO Officers were rude, unnecessarily hostile, and also used unjustifiable force against BENJAMIN DAKER, causing grave injury to his person.

38.     Defendant MCSO Officers certainly were aware that they did not possess a warrant, did not have probable cause, and did not have any exigent circumstances or a valid consent that would permit their entry into the home.

39.     Before forcibly entering the residence, Defendant MCSO Officers failed to conduct prior sound investigative research to confirm the address where the warrant for BENJAMIN SUTHERLAND could reasonably be served.

40.     Before forcibly entering the residence, Defendant MCSO Officers did not have a reasonable belief that BENJAMIN SUTHERLAND was present inside Plaintiffs' residence.

41.     Defendant MCSO Officers had last obtained service of process on BENJAMIN SUTHERLAND at an address different from that of BENJAMIN DAKER.  Moreover, no mail, no car, nor any other evidence suggested that BENJAMIN SUTHERLAND was living at or present at Plaintiffs' family home at the time of the incident on July 24, 2008.

42.     Defendant MCSO Officers did not have a reasonable belief that BENJAMIN SUTHERLAND resided at Plaintiff's address and that he was physically present at the time they sought to execute the warrant.

18.     In conjunction with the unlawful arrest of BENJAMIN DAKER, Defendant RILEY prepared a police report for submission to prosecuting authorities, which contained

materially false statements and material omissions, and were relied upon by prosecuting authorities for the filing of serious felony criminal charges against BENJAMIN DAKER.

19.    At all times material hereto, Defendant RILEY knew that his police report would be submitted to prosecuting authorities, and would be relied upon by prosecuting authorities for the filing of criminal charges against BENJAMIN DAKER.

43.    As a result of the actions of Defendant RILEY in submitting a police report to prosecuting authorities, a criminal prosecution was initiated against BENJAMIN DAKER.

44.    On or about January 22, 2009, in the matter of *State of Florida v. Daker*, BENJAMIN DAKER was found not guilty by a jury of his peers on all criminal charges resulting from his unlawful arrest.

45.    Prior to the above incident, Defendants STEUBE and MCSO knew or reasonably should have known that officers in the Warrants Section were in need of training or retraining in the execution of arrest warrants at private residences, including the need for a deputy to have a reasonable basis to believe that the individual sought in an arrest warrant was located inside the private residence at the time of its execution.

46.    Defendants STEUBE and MCSO failed to train, supervise and discipline MCSO Officers, including Defendants RILEY and RUSHING, so as to prevent the unlawful entry into homes without a search warrant, and without a reasonable basis to believe that an individual who was the subject of an arrest warrant was inside a residence at the time of its execution.

47.    The failure to train and retrain MCSO officers, including Defendants RILEY and RUSHING, was apparent to supervisory officials within MCSO such that it would cause a reasonable person to act to avoid the implementation of a practice, policy or custom that would cause the deprivation of constitutional rights.

48.     The failure to train, supervise and discipline MCSO officers so as to prevent the unlawful entry into homes without a search warrant, and without a reasonable basis to believe that an individual who was the subject of an arrest warrant is inside the residence at the time of its execution, amounts to deliberate indifference to the rights of persons with whom the MCSO comes into contact, including Plaintiff. It is this failure that has created and encouraged the constitutional deprivations and injuries which Plaintiffs suffered.

49.     The deficiency in the training, supervision and disciplining of Defendant MCSO Officers, including Defendants RILEY and RUSHING, was a direct and proximate cause of the constitutional deprivations and injuries suffered by Plaintiffs.

50.     The deficiency in training, supervising and disciplining of said officers represents a deliberate indifference on the part of the Defendant MCSO to the rights of Plaintiffs.

51.     As the direct and proximate result of the illegal and unconstitutional acts of Defendants, Plaintiffs' Fourth and Fourteenth Amendment rights were destroyed, they are unable to enjoy the sanctity and peace of their home, and they live in constant fear that their home will not be free from unreasonable entry and searches without a valid warrant or probable cause.

52.     Defendant MCSO Officers knew of Plaintiffs' Fourth and Fourteenth Amendment rights, knew that these rights were clearly established, knew of Plaintiffs' sanctity in their home, knew of the right to be free from excessive force, and knew that their actions would destroy those rights.

53.     As a direct and proximate result of the acts of Defendants Plaintiffs suffered substantial harm, including but not limited to incarceration, embarrassment, emotional trauma, loss of consortium, loss of employment, loss of capacity for the enjoyment of life, mental anguish, bodily injury and resulting pain and suffering, loss of liberty and freedom, medical care,

and treatment.   In the interval since the illegal search of their home and battery on BENJAMIN

DAKER, Plaintiffs have suffered lingering traumatic effects, anxiety, and difficulty sleeping at

night.

54.    Plaintiffs' losses either are permanent or continuing and Plaintiffs will suffer the

losses in the future, in violation of their civil rights.

COUNT ONE

§ 1983 CLAIM FOR UNREASONABLE HOME ENTRIES IN VIOLATION OF
THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

55.    Plaintiffs, BENJAMIN DAKER and BARBARA DAKER, reallege Paragraphs 1

through 54 as if fully set forth herein.

56.    This count alleges a § 1983 action against Defendants RILEY and RUSHING in

their individual and official capacities.

57.    Plaintiffs have a constitutionally protected right under the Fourth Amendment to

the United States Constitution to be free from unreasonable searches and seizures, including

unreasonable intrusions into their homes by government officers.

58.    By entering Plaintiffs' home without a valid search warrant, without consent, and

without exigent circumstances that would render such intrusions reasonable, Defendants RILEY

and RUSHING violated Plaintiffs' Fourth Amendment right to be free from unreasonable

intrusions.

59.    The actions of Defendants RILEY and RUSHING were intentional, malicious,

reckless, and reflect a callous disregard for, or indifference to, Plaintiffs' civil rights.

60.    As a result of these unreasonable and unlawful intrusions into their home,

Plaintiffs suffered harms including but not limited to loss of liberty, humiliation, and emotional

distress.

9

61.     The actions of Defendants RILEY and RUSHING give rise to a cause of action against them under § 1983.

62.     Plaintiffs have agreed to pay the undersigned a reasonable fee for her services herein.

WHEREFORE, Plaintiffs demand:

      a.      Judgment for compensatory damages in excess of $100,000.00;

      b.      Judgment for exemplary damages;

      c.      Cost of suit;

      d.      Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

      e.      Trial by jury as to all issues so triable; and

      f.      Such other relief as this Honorable Court may deem just and proper.

## COUNT TWO

### § 1983 CLAIM FOR UNREASONABLE HOME SEARCHES IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

63.     Plaintiffs, BENJAMIN DAKER and BARBARA DAKER, reallege Paragraphs 1 through 54 as if fully set forth herein.

64.     This count alleges a § 1983 action against Defendants RILEY and RUSHING in their individual and official capacities.

65.     Plaintiffs have a constitutionally protected right under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures, including unreasonable searches of their homes by government officers.

66.     By searching Plaintiffs' home without a valid search warrant, without consent, and without exigent circumstances that would render such searches reasonable, Defendants

RILEY and RUSHING violated Plaintiffs' Fourth Amendment right to be free from unreasonable searches.

67.    The actions of Defendants RILEY and RUSHING were intentional, malicious, reckless, and reflect a callous disregard for, or indifference to, Plaintiffs' civil rights.

68.    As a result of the unreasonable and unlawful search of their home, Plaintiffs suffered harms including but not limited to loss of liberty, humiliation, and emotional distress.

69.    The actions of Defendants RILEY and RUSHING give rise to a cause of action against them under § 1983.

70.    Plaintiffs have agreed to pay the undersigned a reasonable fee for her services herein.

WHEREFORE, Plaintiffs demand:

      a.    Judgment for compensatory damages in excess of $100,000.00;

      b.    Judgment for exemplary damages;

      c.    Cost of suit;

      d.    Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

      e.    Trial by jury as to all issues so triable; and

      f.    Such other relief as this Honorable Court may deem just and proper.

### COUNT THREE

### § 1983 CLAIM FOR EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

71.    Plaintiff, BENJAMIN DAKER, realleges Paragraphs 1 through 54 as if fully set forth herein.

72.    This count alleges a § 1983 action against Defendant RILEY in his individual and official capacity.

73. Plaintiff, BENJAMIN DAKER, has a constitutionally protected right under the Fourth Amendment to the United States Constitution to be free from the use of unreasonable or excessive force.

74. By pushing through the front door and forcing his way into Plaintiffs' home, aggressively restraining BENJAMIN DAKER, and fracturing his rib, Defendant RILEY used excessive and unreasonable force against BENJAMIN DAKER. These actions violated BENJAMIN DAKER's Fourth Amendment right to be free from the use of unreasonable or excessive force.

75. The actions of Defendant RILEY were intentional, malicious, reckless, and reflect a callous disregard for, or indifference to, BENJAMIN DAKER's civil rights.

76. As a result of the unreasonable and unlawful search of the home, BENJAMIN DAKER suffered harms including but not limited to loss of liberty, humiliation, and emotional distress.

77. The actions of Defendant RILEY gives rise to a cause of action against him under § 1983.

78. Plaintiff, BENJAMIN DAKER, has agreed to pay the undersigned a reasonable fee for her services herein.

WHEREFORE, Plaintiff, BENJAMIN DAKER, demands:

a. Judgment for compensatory damages in excess of $100,000.00;

b. Judgment for exemplary damages;

c. Cost of suit;

d. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

e. Trial by jury as to all issues so triable; and

12

f.      Such other relief as this Honorable Court may deem just and proper.

## COUNT FOUR

## § 1983 CLAIM FOR UNCONSTITUTIONAL CUSTOM OR POLICY

79.     Plaintiffs, BENJAMIN DAKER and BARBARA DAKER, reallege Paragraphs 1 through 54 as if fully set forth herein.

80.     This count alleges an action under 42 U.S.C. § 1983 against Defendant STEUBE and MCSO.

81.     Defendant STEUBE, acting through MCSO supervisory personnel, had control over MCSO's training program and development of its customs and policies regarding the execution of arrest warrants at a private residence without a reasonable basis to believe that the arrestee was located inside the private residence.

82.     Defendant STEUBE, acting through MCSO supervisory personnel, knew that the MCSO had a custom and policy of allowing deputies on the warrants squad to enter into private residences without a reasonable basis to believe that the arrestee was located inside the private residence.

83.     Problems that occurred in prior incidents involving the execution of arrest warrants at private residences should have made it obvious to Defendant STEUBE that the training which employees under his supervision and control were receiving was inadequate, that the policies in place were inadequate, and that, as a direct and proximate result of these inadequacies, citizens coming into contact with employees under Defendant STEUBE's supervision would suffer injury.

84.     Defendant STEUBE, acting through MCSO supervisory personnel, knew that defendant MCSO was deliberately indifferent to the rights of Plaintiffs to be free from

unconstitutional searches and seizures in the execution of arrest warrants at a private residence without a reasonable basis to believe that the arrestee was located inside the private residence.

85.     Defendant STEUBE's deliberate indifference to the rights of Plaintiffs to be free from unconstitutional searches and seizures without a reasonable basis to believe that the arrestee was located inside the private residence was the moving force behind their injuries.

86.     Defendant STEUBE is therefore liable under 42 U.S.C. § 1983 for constitutional injuries to the Plaintiffs caused by his conduct, as described, and is jointly and severally liable with all other defendants for injuries caused by their conduct.

87.     Plaintiffs have agreed to pay the undersigned a reasonable fee for her services herein.

WHEREFORE, Plaintiffs demand:

a.     Judgment for compensatory damages in excess of $100,000.00;

b.     Judgment for exemplary damages;

c.     Cost of suit;

d.     Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

e.     Trial by jury as to all issues so triable; and

f.     Such other relief as this Honorable Court may deem just and proper.

### COUNT FIVE

### FALSE ARREST

88.     Plaintiff, BENJAMIN DAKER, realleges Paragraphs 1 through 54 as if fully set forth herein.

89.     This count alleges a false arrest claim under Florida law against Defendant STEUBE.

14

90.    On or about July 24, 2008, Defendants RILEY and RUSHING, acting as agents and employees of the MCSO, and while in the course and scope of their duties, arrested BENJAMIN DAKER.

91.    Agents and employees of the MCSO, while in the course and scope of their duties, physically deprived BENJAMIN DAKER of his freedom and liberty and restrained him in his movements both at the scene of the arrest and continuing at the county jail.

92.    The restraint of BENJAMIN DAKER, for which the Defendant STEUBE is responsible, was unlawful and unreasonable in that it was not based upon lawfully issued process of Court.

93.    BENJAMIN DAKER did not consent to the aforementioned actions of the agents and employees of MCSO, and said unlawful restraint was against BENJAMIN DAKER's will.

WHEREFORE, Plaintiff BENJAMIN DAKER demands:

    a.    Judgment for compensatory damages in excess of $75,000.00;

    b.    Judgment for exemplary damages;

    c.    Cost of suit;

    d.    Trial by jury as to all issues so triable; and

    e.    Such other relief as this Honorable Court may deem just and proper.

**COUNT SIX**

**MALICIOUS PROSECUTION**

94.    Plaintiff, BENJAMIN DAKER, realleges Paragraphs 1 through 54 as if fully set forth herein.

95.    This count alleges a malicious prosecution claim under Florida law against Defendant RILEY in his individual capacity.

15

96.     Defendant RILEY instigated and continued a criminal prosecution against BENJAMIN DAKER for alleged criminal offenses.

97.     Defendant RILEY exercised malice in commencing and continuing the criminal prosecution recklessly, without probable cause, and without due regard for whether the criminal prosecution against BENJAMIN DAKER was justified.

98.     Said criminal prosecution terminated in favor of BENJAMIN DAKER after the jury found him not guilty of all pending charges following a jury trial on January 22, 2009.

99.     As a direct and proximate result of the intentional and malicious prosecution by Defendant RILEY, BENJAMIN DAKER was arrested, detained, confined in jail, and subjected to a criminal proceeding, and suffered from or incurred injury to his reputation and health; shame; humiliation and embarrassment; mental anguish; emotional distress; hurt feelings; legal expenses; costs of bond and other related expenses; loss of earnings and time; loss of ability to earn money in the future; and loss of consortium. The foregoing losses, damages, and injuries either are permanent or ongoing in nature, and BENJAMIN DAKER will continue to suffer the same losses in the future.

WHEREFORE, Plaintiff BENJAMIN DAKER demands:

a.     Judgment for compensatory damages in excess of $100,000.00;

b.     Judgment for exemplary damages;

c.     Cost of suit;

d.     Trial by jury as to all issues so triable; and

e.     Such other relief as this Honorable Court may deem just and proper.

**COUNT SEVEN**

**BATTERY**

100.    Plaintiff, BENJAMIN DAKER, realleges Paragraphs 1 through 54 as if fully set forth herein.

101.    This count alleges a battery action under Florida law against Defendant STEUBE and.

102.    The conduct of Defendant RILEY towards BENJAMIN DAKER, constitutes the unnecessary use of force.

103.    The amount of force used by defendant RILEY against BENJAMIN DAKER was unreasonable and unnecessary for defendant RILEY to defend himself, or any other person from bodily harm during the entry into the Daker family home and subsequent arrest of BENJAMIN DAKER.

104.    The unreasonable and unnecessary use of force by defendant RILEY was excessive and objectively unreasonable under the circumstances, and resulted, as defendant RILEY reasonably should have foreseen, in a harmful and offensive contact of BENJAMIN DAKER against his will.

105.    The battery/unnecessary force by defendant RILEY against BENJAMIN DAKER occurred during the course and scope of his employment as a police officer for defendant STEUBE and MCSO.

106.    As a direct and proximate result of the battery by Defendant RILEY, BENJAMIN DAKER suffered physical injury, mental anguish, and loss of capacity for the enjoyment of life. His injuries either are permanent or ongoing in nature, and BENJAMIN DAKER will continue to suffer the same losses in the future.

WHEREFORE, Plaintiff BENJAMIN DAKER demands:

a.    Judgment for compensatory damages in excess of $75,000.00;

    b.    Judgment for exemplary damages;

    c.    Cost of suit;

    d.    Trial by jury as to all issues so triable; and

    e.    Such other relief as this Honorable Court may deem just and proper.

## COUNT EIGHT

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

107.    Plaintiff, BENJAMIN DAKER, realleges Paragraphs 1 through 54 as if fully set forth herein.

108.    This count alleges an infliction of emotional distress action under Florida law against Defendants RILEY and RUSHING.

109.    Defendants intentionally and deliberately inflicted emotional distress on BENJAMIN DAKER by violating his constitutional rights, falsely arresting him, maliciously prosecuting him, and battering him.

110.    Defendants knew or reasonably should have known that their unlawful actions would cause BENJAMIN DAKER severe emotional distress.

111.    Defendants' conduct, including but not limited to breaking his bones, refusing to permit him to cover himself when his pajama pants fell down, and throwing him on his side in the police car where he was unable to pull himself to a seating position, was extreme and outrageous by any standard, beyond all possible bounds of decency and utterly intolerable in a civilized society.

112.    Defendants' extreme and outrageous conduct did in fact and proximately cause BENJAMIN DAKER severe emotional distress of a nature no reasonable person should be expected to endure.

113.   As a result of Defendants' intentional, extreme and outrageous conduct, BENJAMIN DAKER suffered emotional distress and loss of capacity for the enjoyment of life. His injuries either are permanent or ongoing in nature, and BENJAMIN DAKER will continue to suffer the same losses in the future.

WHEREFORE, Plaintiff BENJAMIN DAKER demands:

a.   Judgment for compensatory damages in excess of $75,000.00;

b.   Judgment for exemplary damages;

c.   Cost of suit;

d.   Trial by jury as to all issues so triable; and

e.   Such other relief as this Honorable Court may deem just and proper.

Dated: August 9, 2010

ANDREA FLYNN MOGENSEN, Esquire
Law Office of Andrea Flynn Mogensen, P.A.
200 South Washington Blvd., Suite 5
Sarasota, FL 34236
Telephone: 941-955-1066
Fax: 941-955-1008
Florida Bar No. 0549681
Andrea@SarasotaCriminalLawyer.com

19