UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BENJAMIN DAKER and BARBARA S. DAKER,

    Plaintiffs,

v.                        CASE NO. 8:10-cv-01784-JDW-TBM

BRAD STEUBE, as Sheriff of Manatee County, Florida, et al.,

    Defendants.

_____/

## MOTION FOR SANCTIONS

Plaintiffs, through counsel, and pursuant to Local Rule 9.05(c), move for the imposition of sanctions against defendants Riley and Steube for failure to attend mediation, and would show as follows:

1.    On December 2, 2010, the Court entered an Order requiring the parties to attend mediation. (Doc. 14 at ¶ 6).

2.    The parties scheduled a mediation session for June 22, 2011. Plaintiffs currently reside in the State of Washington. They traveled to Florida at great expense to attend the scheduling of their depositions and the mediation session.[1]

3.    On June 22, 2011, defendants Riley and Steube, both individual parties in this action, failed to appear at the mediation session.

---

[1] The Dakers had to travel by car from Washington as Mrs. Daker suffers medical conditions requiring her to carry an oxygen tank. While air travel is possible with the oxygen tank, it is prohibitively expensive because of stringent security regulations enacted after September 11, 2001.

4. Prior to the scheduled mediation, the undersigned was not notified that defendants Riley and Steube would be absent or unable to attend the mediation session.

5. Defendants Riley and Steube did not seek leave of Court to be excused from attending mediation.

6. Plaintiffs do not believe that defendants engaged in a good faith effort to mediate this action. The absence of both defendants Riley and Steube, both of whom were necessary to any mediated agreement, demonstrates that the scheduled mediation was not scheduled or conducted in good faith.

7. Plaintiffs and their attorney have incurred expenses in attending and preparing for the scheduled mediation. Plaintiff's counsel expended 2 hours preparing for the mediation session, 2 hours traveling from Sarasota to the mediation session, and 2 hours attending the mediation session for a total of 6 hours. In addition, plaintiffs incurred half of the expense of the mediation session.

## **Memorandum of Law**

Local Rule 9.05(c) states that:

> Unless otherwise excused by the presiding judge in writing, ***all parties***, corporate representatives, and any other required claims professionals (insurance adjusters, etc.), ***shall be present at*** the Mediation Conference with full authority to negotiate a settlement. Failure to comply with the attendance or settlement authority requirements may subject a party to sanctions by the Court.

(Emphasis added). Additionally, Federal Rule of Civil Procedure 16(f) provides that when, as here, a party or a party's attorney fails to obey a scheduling or pretrial order, the judge "may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)." Rule 16(f) further provides that "[i]n lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to

pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust." *Id.*

Here, plaintiffs seek the sanctions of attorneys' fees and expenses expended in preparing for and attending the mediation. There are no circumstances that make an award of expenses unjust.

WHEREFORE, Plaintiffs respectfully request the Court to impose sanctions against defendants Riley and Steube for their failure to attend the mediation session.

Respectfully submitted,

/s Andrea Flynn Mogensen_____
ANDREA FLYNN MOGENSEN, ESQ.
Law Office of Andrea Flynn Mogensen, P.A.
200 S. Washington Boulevard, Suite 7
Sarasota, FL 34236
Telephone:  (941) 955.1066
Facsimile: (941) 866.7323
Fla. Bar No.  549681

Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 23, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to: Bruce W. Jolly, Esquire, Purdy, Jolly, Guiffreda & Barranco, P.A., 2455 East Sunrise Boulevard, Suite 1216, Fort Lauderdale, Florida 33304.

s/ Andrea Flynn Mogensen_____
ANDREA FLYNN MOGENSEN, ESQ.