UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BENJAMIN DAKER and
BARBARA S. DAKER,

      Plaintiffs,                                      Case No. 8:10-cv-1784-T-27TBM

vs.

BRAD STEUBE, as Sheriff of
Manatee County, Florida, *et al.*,

      Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Defendants Riley and Rushing's Partial Motion for Summary Judgment as to Counts I and II of the Complaint (Dkt. 20) and Plaintiffs' Partial Motion for Summary Judgment as to Counts I and II (Dkt. 31).

The Court concludes that disputed issues of material fact preclude summary judgment on Counts I and II of the Complaint with respect to Defendant Jason Riley. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004).[1] In contrast, Defendant Michael Rushing is entitled to summary judgment on Counts I and II based on the doctrine of qualified immunity. There is no dispute that Rushing was acting within his discretionary authority, so the sole issue is whether his actions violated clearly established law. *See Hartsfield v. Lemacks*, 50 F.3d 950, 954 (11th Cir. 1995). In that regard, nothing in the

---

[1] For example, disputed issues of material fact exists as to, *inter alia*, whether Riley had a reasonable belief that the Plaintiffs' residence was Sutherland's dwelling as opposed to a third-party residence and whether Riley had a reasonable belief that Sutherland was inside the Plaintiffs' residence at the time of the allegedly unlawful home entry and warrantless search. These disputed issues of fact, viewed in the light most favorable to the Plaintiffs, also preclude summary judgment in favor of Riley on the basis of qualified immunity. *See Bates v. Harvey*, 518 F.3d 1233, 1235 n.2, 1239 (11th Cir. 2008); *see also Steagald v. United States*, 451 U.S. 204 (1981); *Payton v. New York*, 445 U.S. 573 (1980); *United States v. Magluta*, 44 F.3d 1530, 1533 (11th Cir. 1995).

record indicates that Rushing acted unreasonably in following Riley's lead or that he knew or should have known that his conduct might result in a violation of the Plaintiffs' constitutional rights. *See, e.g.*, Deposition of Michael Rushing (Dkt. 20-3), p. 6 (testifying that it was Riley's responsibility to investigate the proper address for serving the warrant and that Rushing conducted no independent investigation). Thus, Rushing is entitled to qualified immunity. *Hartsfield*, 50 F.3d at 956.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1)   Defendants Riley and Rushing's Partial Motion for Summary Judgment as to Counts I and II of the Complaint (Dkt. 20) is **GRANTED** as to Defendant Michael Rushing and **DENIED** as to Defendant Jason Riley.

(2)   Plaintiffs' Partial Motion for Summary Judgment as to Counts I and II (Dkt. 31) is **DENIED**.

**DONE AND ORDERED** in chambers this 6th day of October, 2011.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to:
Counsel of Record