# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

CASE NO. 8:10-cv-01784-JDW-TBM

BENJAMIN DAKER and BARBARA S.
DAKER,

        Plaintiffs,

vs.

BRAD STEUBE, as Sheriff of Manatee
County, Florida, et al.,

        Defendants.

_____/

## DEFENDANTS' VERIFIED
## MOTION TO TAX COSTS (AND MEMORANDUM OF LAW)

Defendants, BRAD STEUBE,  Sheriff of Manatee County, Florida, and DEPUTY JASON RILEY, by and through their undersigned attorneys, pursuant to Rule 54 of the Federal Rules of Civil Procedure and Local Rules 4.18  and 3.01(g) for the United States District Court, Middle District Florida, file this their Verified Motion to Tax Costs (and Memorandum of Law) and in support thereof would state as follows:

1.      That a jury trial was held from January 30, 2012 through February 3, 2012 which resulted in a verdict in favor of the Defendants.

2.      That a judgment was entered in favor of the Defendants on February 8, 2012.

3.      That prior to the entering of the judgment in favor of the Defendants as referenced above, the Defendants Sheriff Steube and Jason Riley incurred costs as referenced

in the attached Affidavit of Costs, all of which are properly taxable against the Plaintiff.

WHEREFORE, it is appropriate that a judgment be rendered in favor of Defendants in an amount equal to the costs outlined in the attached Affidavit of Costs.

Further, and in support of this Verified Motion to Tax Costs, the Defendants would refer this Honorable Court to the Memorandum of Law incorporated herein and by reference made a part hereof.

### 3.01(g) CERTIFICATION

Undersigned counsel, pursuant to Rule 3.01(g) of the Rules of the United States District Court for the Middle District of Florida, certifies that he has consulted with counsel for the Plaintiffs who advised of objection to the taxation of the costs of deposition transcripts insofar as they were not used at trial.

### MEMORANDUM OF LAW

Federal Rule of Civil Procedure 54(d) provides that a prevailing party may recover costs as a matter of course unless a statute, rule or court order provides otherwise. Fed.R.Civ.P. 54(d)(1). Congress has comprehensively regulated the taxation of costs in federal court. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 444 (1987). Absent statutory language to the contrary, courts are limited in taxing costs to those costs enumerated in 28 U.S.C. § 1920. Id. A court has discretion to tax costs enumerated in § 1920, however, it is prohibited from taxing costs that are not enumerated in that statute. Id. at 441-42.

Under 28 U.S.C. § 1920, the following costs may be taxed: "(1) Fees of the clerk and

marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. § 1920.

The court may award fees of the court reporter for all or any part of the stenographic transcript "necessarily obtained for use in the case." See Title 28 U.S.C. § 1920 (2); Desisto College, Inc. v. Town of Howey-In-The-Hills, et al., 718 F. Supp. 906, 912 (M.D. Fla. 1989), Affirmed, 914 F.2d 267 (11th Cir. 1990).  Taxation of deposition costs is authorized by § 1920(2). U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000); see United States v. Kolesar, 313 F.2d 835, 837-38 (5th Cir.1963) ("Though 1920(2) does not specifically mention a deposition, ... depositions are included by implication in the phrase 'stenographic transcript.'"). A deposition need not be admitted into evidence in order to be recoverable. See Murphy v. City of Flagler Beach, 761 F.2d 622, 631 (11th Cir. 1985); Desisto College, at 912.

With regard to Defendants' witnesses, appearance fees and reasonable travel are recoverable for the appearance of each witness.  28 U.S.C. §§ 1821 and 1920 (3); Morrison v. Reichhold Chemicals, Inc., 97 F.3d 460, 463 (11th Cir. 1996).

Photocopying "necessary for the maintenance of [an] action" can be recovered under 28 U.S.C. § 1920(4). Desisto Coll., Inc. v. Town of Howey-In-The-Hills, 718 F.

Supp. 906, 913 (M.D. Fla. 1989) aff'd sub nom. Desisto Coll., Inc. v. Line, 914 F.2d 267

(11th Cir. 1990).  Copies attributable to discovery, copies of pleadings, correspondence,

documents tendered to the opposing party, copies of exhibits, and documents prepared for

the Court's consideration are recoverable. U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 623

(11th Cir. 2000); Desisto, at 913.  Therefore, costs of copies in this matter are properly

recoverable.

Therefore, the Defendants are entitled to payment for costs incurred for various

depositions taken in this matter, costs for copies of documents and costs for the appearance

fees of witnesses in this case.

Defendants' Motion should be granted.

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished by the Clerk's electronic filing system to: **ANDREA FLYNN MOGENSEN,** Esquire, Law Office of Andrea Flynn Mogensen, P.A., attorney for Plaintiffs, 200 South Washington Boulevard, Suite 5, Sarasota, Florida 34236, and **LUKE LIROT**, Esquire, Luke Charles Lirot, P.A., co-counsel for Plaintiffs, 2240 Belleair Road, Suite 190, Clearwater, Florida 33764 this *16th* day of February, 2012.

*S/ Bruce W. Jolly*
BRUCE W. JOLLY
Florida Bar No. 203637
PURDY, JOLLY & GIUFFREDA, P.A.
Trial Counsel for Defendants SHERIFF & RILEY
2455 East Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone (954) 462-3200
Telecopier (954) 462-3861
Email: bruce@purdylaw.com

*S/ Christy M. Runkles*
CHRISTY M. RUNKLES
Florida Bar No. 0084631
PURDY, JOLLY & GIUFFREDA, P.A.
Trial Counsel for Defendants SHERIFF & RILEY
2455 East Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone (954) 462-3200
Telecopier (954) 462-3861
Email: christy@purdylaw.com