UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BENJAMIN DAKER, et al.,

    Plaintiffs,

v.                      CASE NO. 8:10-cv-01784-JDW-TBM

BRAD STEUBE, et al.,

    Defendants.

_____/

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO TAX COSTS

Plaintiffs, through counsel, file this opposition to Defendant's motion to tax costs (Doc. motion for a new trial based on the following grounds.

## Argument

The Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920. *Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005). The statute allows for the recovery of fees: (1) of the clerk and marshal; (2) for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) for printing and witnesses; (4) for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under § 1923; and (6) for court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828. *See* 28 U.S.C. § 1920.

Plaintiffs oppose the motion to tax costs for two reasons: (1) Defendant failed to follow the proper procedure under Rule 54(d)(1), Fed. R. Civ. P.; and (2) the costs sought to be taxed are either not recoverable or there is no supporting documentation. Each contention is addressed below.

### 1. Defendant failed to file a bill of costs with the Clerk

Costs are to be taxed by the Clerk upon presentation of a bill of costs. Fed. R. Civ. P. 54(d)(1). Any costs thus taxed may be reviewed by motion by any party. *Id. See also Ferguson v. Bombardier Services Corp.*, 2007 WL 601921 (M.D. Fla. 2007) (denying without prejudice and allowing party to re-file their petitions as bills of costs with clerk, subject to review by motion of the opposing party). The statute also requires a bill of costs to be filed. *See* 28 U.S.C. § 1920 (A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."). Here, Defendant did not submit a bill of costs to the Clerk, but filed a motion instead.

### 2. Items not recoverable or inadequate documentation

Defendant improperly seeks the recovery of certain costs and has failed to adequately document certain costs. "When challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the prevailing party." *Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005).

#### a. Depositions

Defendant seeks $3,336.28 for transcripts of depositions, none of which were used at trial. "Necessarily obtained for use in the case" is the statutory standard for taxing costs for transcripts and photocopies and does not allow a prevailing party to recover costs for materials that merely added to the convenience of counsel. The standard requires that a prevailing party's transcription costs must be reasonably necessary to the litigation of the case. *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1147-48 (10th Cir. 2009). Deposition transcript costs (like costs for other transcripts) are taxable only if the deposition was "necessarily obtained" for use in the case. *EEOC v. W & O, Inc.,* 213 F.3d 600, 621 (11th Cir.2000).

In this case, Defendant did not use any of the deposition transcripts at trial for cross-examination, impeachment or as an admission against a party deponent. Additionally, a previous state criminal prosecution provided ample transcripts of deposition and trial testimony of several witnesses which Defendant deposed. Defendant has wholly failed to demonstrate the reasonableness of taxing as costs the deposition transcripts sought herein.

**b.      Copies**

Defendant seeks $259.65 for copies, but has failed to present any documentation supporting that request. A party moving for taxation of costs must present evidence "regarding the documents copied including their use or intended use." *Cullens v. Georgia Dept. of Trans.*, 29 F.3d 1489, 1494 (11th Cir.1994); *see also Helms v. Wal–Mart Stores, Inc.*, 808 F.Supp. 1568, 1570 (N.D.Ga.1992), *aff'd,* 998 F.2d 1023 (11th Cir.1993). A prevailing party alone knows the purpose of the copies and cannot simply make unsubstantiated claims that copies of the documents were necessary. *Helms,* 808 F.Supp. at 1570 (citing *Corsair Asset Mgmt., Inc.,* 142 F.R.D. 347, 353 (N.D.Ga.1992)). *See also Young v. Eslinger*, 2008 WL 824219 (M.D. Fla. Mar. 25, 2008) ("To recover for photocopy expenses, a prevailing party must produce adequate documentation to show that the copies at issue were reasonably intended for use in the case.").

Moreover, it appears the copies were for opposing counsel's copy of documents produced in response to a discovery request. Thus, not only did Defendant receive payment from Plaintiffs at the time the documents were produced, but now seek payment for copies of those same documents because a duplicate set was provided for the convenience of Defendant's counsel. "In evaluating whether copies were necessary, the Court does not award costs for copies made merely for counsel's convenience, such as multiple copies of documents." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009).

Plaintiffs do not object to the remaining costs assuming this Court finds that Defendant complied with the requirements of Rule 54(d)(1).

WHEREFORE, for the above reasons, Plaintiffs oppose Defendant's motion to tax costs.

Respectfully submitted,

/s Andrea Flynn Mogensen_____
ANDREA FLYNN MOGENSEN, ESQ.
Law Office of Andrea Flynn Mogensen, P.A.
200 S. Washington Boulevard, Suite 7
Sarasota, FL 34236
Telephone: (941) 955.1066
Facsimile: (941) 866.7323
Fla. Bar No. 549681

/s Luke Charles Lirot_____
LUKE LIROT, Esq.
LUKE CHARLES LIROT, P.A.
Florida Bar No. 714836
2240 Belleair Rd., Suite 190
Clearwater, FL 33764
727-536-2100 Telephone
727-536-2110 Facsimile
luke2@lirotlaw.com

Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 28, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to: Bruce W. Jolly, Esquire, Purdy, Jolly, Guiffreda & Barranco, P.A., 2455 East Sunrise Boulevard, Suite 1216, Fort Lauderdale, Florida 33304.

/s Andrea Flynn Mogensen_____
ANDREA FLYNN MOGENSEN, Esquire