# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**BENJAMIN DAKER and**
**BARBARA S. DAKER,**

      **Plaintiffs,**

**v.**                                                         **Case No.  8:10-cv-1784-T-27TBM**

**BRAD STEUBE, as Sheriff of Manatee**
**County, Florida, et al.,**

      **Defendants.**

_____/

## O R D E R

THIS MATTER is before the court on **Defendants' Verified Motion to Tax Costs** (Doc. 103), Plaintiffs' response in opposition (Doc. 111), and Defendants' reply (Doc. 116). By their motion, Sheriff Steube and Deputy Jason Riley seek taxable costs in the total amount of $3,719.32, following a favorable jury verdict and judgment.  Plaintiffs respond that the Defendants failed to follow the proper procedure under Rule 54(d)(1), Fed. R. Civ. P., by failing to file a bill of costs and that the costs sought are not recoverable or there is no supporting documentation.  The court directed Defendants to file a reply to respond to Plaintiffs' argument regarding the lack of documentary support.  By their reply, the Defendants modified their requests and withdrew $259.65 for copying costs and $82.26 in witness fees.  (Doc. 116 at 3).  Additionally, Defendants filed a Bill of Costs and copies of invoices documenting the witness fee for Mike Miranda and the deposition transcript costs. (Doc. 116-1).  As for the deposition costs, Defendants urge they were necessary for preparation of the trial as the deponents were listed on Plaintiffs' witness list.  After deducting the copy costs and two witness fees, Defendants seek a total of $3,377.41 in taxable costs.

Federal Rule of Civil Procedure 54(d) provides that costs other than attorney's fees "should be allowed to the prevailing party" unless a federal statute, the federal rules, or court order provides otherwise. Fed. R. Civ. P. 54(d)(1). This rule creates a presumption in favor of awarding costs to the prevailing party. *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citing *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991)). In taxing costs under Rule 54, courts may tax only those costs explicitly authorized by statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987). Under 28 U.S.C. § 1920, the following costs may be taxed: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under § 1923; and (6) compensation of court appointed experts and interpreter services. 28 U.S.C. § 1920; *Mathews v. Crosby*, 480 F.3d 1265, 1276-77 (11th Cir. 2007).

Local Rule 4.18 provides as follows:

> (a)   In accordance with Fed. R. Civ. P. 54, all claims for costs or attorney's fees preserved by appropriate pleading or pretrial stipulation shall be asserted by separate motion or petition filed not later than fourteen (14) days following the entry of judgment. The pendency of an appeal from the judgment shall not postpone the filing of a timely application pursuant to this rule.

M.D. Fla. R. 4.18(a).

By way of procedural background, Plaintiffs filed an eight-count Complaint against Defendants in August 2010. (Doc. 1). The parties filed cross motions for partial summary judgment. (Docs. 20, 31). The court denied Plaintiffs' partial motion for summary judgment,

denied Defendant Jason Riley's motion, and granted Defendant Michael Rushing's motion. *See* (Doc. 40).[1]   A five-day jury trial was conducted January 30, 2012, through February 3, 2012.  A Jury Verdict in favor of Defendants and against Plaintiffs was rendered February 3, 2012.  (Docs. 98, 99).  Judgment in favor of Defendants, Brad Steube, Sheriff of Manatee County, Florida, and Jason Riley, and against Plaintiffs, Benjamin Daker and Barbara Daker, was entered by the court February 7, 2012.  (Doc. 101).  By the Judgment, the court reserved jurisdiction for the taxation of costs in favor of the Defendants upon proper application.  *See id.*  The instant motion for taxation of costs was filed February 16, 2012.  Thus, as a preliminary matter, Defendants have timely submitted a motion seeking such costs and as the prevailing parties are entitled to those costs permitted by § 1920.

As for the deposition transcript costs, Defendants seek recovery for the costs associated with the depositions of Jason Riley, Michael Rushing, Dr. Singh, David Gross, Alan Atkinson, Martin Stanley, Benjamin Daker, Barbara Daker, and Dr. Ron Martinelli. Rule 54 and § 1920 provide for an award of costs for fees of the court reporter for all or any part of the stenographic transcripts necessarily obtained for use in the case.  However, whether costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in the case.  *See E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000).  Except for Martin Stanley, each of the individuals testified at the trial of this matter, and thus I conclude their deposition transcripts were reasonably necessary and the cost of same recoverable as a taxable cost.  As for Mr. Stanley's deposition transcript costs, Defendants submit that those costs would nevertheless be

---

[1]In support or opposition of the respective summary judgment motions, the parties filed the depositions of Jason Riley and Michael Rushing.

recoverable as Mr. Stanley was on the Plaintiff's witness list and accordingly they had to prepare for his potential appearance at trial.[2]  A review of Plaintiffs' witness list reveals Martin Stanley listed as a trial witness.  (Doc. 48 at 1).  The Eleventh Circuit has held that "[t]axation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the plaintiff might need the deposition transcripts to cross-examine the witnesses, . . . and that 'the information those people had on the subject matter of this suit was not so irrelevant or so unimportant that their depositions were outside the bound of discovery.'"  *W&O*, 213 F.3d at 621 (citations omitted).  Accordingly, I conclude that the costs associated with Mr. Stanley's deposition would also be recoverable.

While a court may tax fees of the court reporter as costs pursuant to 28 U.S.C. § 1920(2), the court finds that Defendants have included incidental charges of the court reporter, such as postage/delivery/handling charges, which I have previously held are unrecoverable.  *See Smith v. CA, Inc.*, No. 8:07-cv-78-T-30TBM, 2009 WL 536552, at *1 (M.D. Fla. Mar. 3, 2009) (citing *Smith v. Tenet HealthSystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006) and *Duckworth v. Whisenant*, 97 F. 3d 1393, 1399 (11th Cir. 1996)).  Thus, $39.25 is appropriately deducted for unrecoverable postage and handling charges assessed by the court reporter.

As for the $41.13 witness fee sought for Mr. Miranda, that is an appropriate taxable cost under 28 U.S.C. § 1920(3) and shall be awarded.

---

[2]Defendants cite *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000); *Murphy v. City of Flagler Beach*, 761 F.2d 622, 631 (11th Cir. 1985).

Accordingly, Defendants' Verified Motion to Tax Costs (Doc. 103) is **granted** in part.  Defendants are hereby awarded taxable costs in the amount of $3,338.16.

**Done and Ordered** in Tampa, Florida, this 25th day of June 2012.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

5